## CLINTON v. McKEOWN.

1. WILL—REVOCATION—ADVANCEMENTS.—Where a testator gave to each of his children one dollar, and to his two grand-sons a tract of land—his only remaining property—and afterwards sold this land, the devise to the grand-sons was revoked. There being a will, advancements were not chargeable to his children.
2. DELIVERY OF NOTE—EXECUTED GIFT.—But a note for the purchase money of this land having been put by testator during his lifetime into the hands of these grand-sons as their property, the gift was executed, and they were entitled to the proceeds of the note.
3. COSTS.—The grand-sons having surrendered this note into the hands of the executor upon his demand, they must pay the costs of the executor in this action.

Before NORTON, J., Chester, October, 1892.

Action by T. F. Clinton, as executor of S. M. McKeown, against S. A. McKeown and others, commenced February 22, 1892. The appeal was by S. A. McKeown and Moses J. Mc-Keown, the grand-sons of testator.

*Mr. A. G. Brice,* for appellant.

*Mr. Will A. Barber,* contra.

April 3, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. It appears from the "Case" that S. Mobley McKeown, having already made provision for his several children except his son, Moses T. McKeown, deceased, who left two sons, S. Alexander McKeown and Moses J. Mc-Keown, made his last will in September, 1888, by which he gave the sum of one dollar to all of his children, to whom he had already given more than their respective proportionate shares of his estate, and gave the only other property he had, eighty acres of land, to the two sons of his deceased son, Moses

T. McKeown, who were placed in possession of such eighty acres of land by the testator at once thereafter. But in February, 1890, the testator became dissatisfied with the provisions of his will as to this land, because he said thereby he had entailed it, and they could not sell it. So, as he needed some money for himself, he sold the land for $1,500. A note was given for the purchase money, a part of which was paid during his lifetime. At his death the note was in the hands of his grand-son, Moses J. McKeown. He had stated as one reason for the sale of the land that "the boys" (Moses J. and S. Alexander McKeown) "could divide the money and they could not divide the land, and he would use some of the money, and give them the balance."

After the death of the testator, his executor, who was his son-in-law, demanded of Moses J. McKeown the delivery to him of the note in question, and it was given up. This executor as plaintiff exhibited his complaint, reciting most of the facts above stated, against all the children and grand-children of his testator as defendants. They have all answered, the defendants, Moses J. and S. Alexander, claiming the proceeds of the note, which had been collected by the executor, as their own property. The cause was heard on the pleadings and the testimony, all of which is set out in the "Case." The Circuit Judge conceived that the questions before him were whether the will was revoked so far as the devise was concerned by the sale of the land, and if it was so revoked, whether as to such partial intestacy the distribution under the statute regulating such distribution, it was proper to consider and take account of advancements. He very correctly decided that such sale wrought a *pro tanto* revocation of the will, and that the proceeds of the note would be intestate property, and while distributable as such, no regard was to be paid to advancements.

But it seems to us that the facts in this case, about which there is no controversy, do not raise either of the questions considered by the Circuit Judge, for the simple reason that the testator himself provided a different plan in his lifetime as to the note in question; he gave it to his two

grand-sons, Moses J. and S. Alexander McKeown. This he had a perfect right to do. This was but a just recognition of duty to his two grand-sons on his part. In his lifetime he declared this as a leading purpose in the sale made by him. And this must have been his intention when he placed such note in the hands of his grand-son, Moses J. McKeown, in his (the testator's) lifetime. It makes no difference that Moses J. surrendered the note, when Clinton, the executor, demanded it after testator's death. They never admitted his right to the note or its proceeds. Clinton, as such executor, of his own accord, and very properly, came into court, and that the Court of Equity, and now that those grand-sons ask equity at his hands, this court will enforce their rights. He who asks equity must do equity. This note being the property of these young men, the proceeds must be restored to them without being in any wise diminished. But they must pay the actual costs of the plaintiff, and no other costs, and no counsel fees except their own. We require them to pay the costs of the plaintiff because they surrendered the note to him. This ought not to have been done.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, with directions to that court to enter a decree in accordance with the principles herein announced.